**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

8/11/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-15-00299-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/11/2015 2:11:37 PM
CECILE FOY GSANGER
CLERK

# 13-15-00330-CR
## CAUSE NO. ~~13-15-00299-CR~~

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/11/2015 2:11:37 PM
CECILE FOY GSANGER
Clerk

## IN THE COURT OF APPEALS
## FOR THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS
## AT CORPUS CHRISTI, TEXAS

**Kristin Bowling,**
**Relator**
**vs**
**Honorable Jack Pulcher,**
**Respondent**

### BRIEF ON WRIT
### OF MANDAMUS AND ORDER OF PROHIBITION

On Appeal from Cause Number 14-AC-0465, 14-AC-0466
In the 105th District Court of Kleberg County, Texas
Honorable Jack Pulcher, Judge Presiding

### STATE'S ANSWER

John T. Hubert
District Attorney
Kleberg & Kenedy Counties
700 E. Kleberg Ave (78363)
P.O. Box 1471
Kingsville, TX 78364
Phone (361) 595-8544, Fax 595-8522
Email: johnhubertesq@gmail.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................ 2

1. Summary of the Answer.................................................... 3

2. General Denial............................................................... 3

3. Statement of the Case .................................................... 3

4. The Court has no jurisdiction to act on a case with no pending charges. ...................................................... 3

5. Ability to dismiss or reject cases, subject to the statute of limitations, is the constitutional right of the district attorney's office...................................................... 5

6. Conclusion and Prayer .................................................... 6

VERIFICATION ................................................................... 7

CERTIFICATE OF COMPLIANCE ............................................... 8

CERTIFICATE OF SERVICE .................................................... 8

# INDEX OF AUTHORITIES

## Cases

*Garcia v. Dial*, 596 SW2d 524, 528 (Tex.Crim.App. 1980). ........ 4

*State ex rel. Holmes v. Denson*, 671 S.W.2d 896, (Tex.Crim.App. 1984). ............................................. 4,6

*Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979)................5

## Texas Constitution

Tex. Const. Art IV, Sec 12 ................................................ 5

Tex. Const. Art V, Sec 21 ................................................. 6

## Statutes

Tex. Code Crim. Proc. art. 11.07 ........................................ 3

## 1. Summary of the Answer

The charges against Kristen Bowling were rejected, consequently the Courts have no jurisdiction over a case that is not pending and the motion for Habeas Corpus is mute.

## 2. General Denial

The State generally denies the allegations in Bowling's application for writ of habeas corpus. Matters alleged in the application not admitted by the State are deemed denied. TEX. CODE CRIM. PROC. art. 11.07 § 3(b).

## 3. Statement of the Case

On November 27, 2014, Kristen Bowling was arrested and incarcerated in the Kleberg County Jail for two counts of possession of a controlled substance. On July 17, 2005, Relator filed a petition for writ of mandamus in the 13th Court of Appeals. On July 31, 2015, the State rejected the cases due to "no lab results". (See Exhibit A) On August 10, 2015 Relator filed a supplemental brief and a motion to strike the District Attorney's "last filing with the court of appeals."

## 4. The Court has no jurisdiction to act on a case with no pending charges.

3

When a case is no longer pending in front of a District Court, a Mandamus Order for that case is mute. In Denson, the Court found that a trail judge may not prohibit the district attorney from refiling a case because the District Court had lost jurisdiction when the case was dismissed. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, (Tex.Crim.App. 1984). In the case at bar, the District Court has lost the power to vacate his order denying Defendant's plea to the jurisdiction because, with the case rejected pending laboratory results, the District Court no longer has jurisdiction.

Mandamus Orders are available only for pending cases, not possible future cases. "Jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case. (Citation omitted) Unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity." *Garcia v. Dial*, 596 SW2d 524, 528 (Tex.Crim.App. 980). Because the case has been rejected pending lab results, Relator is not on pre-trial conditions.

4

Consequently, there is no relief to be granted by the District Court.

## 5. Ability to dismiss or reject cases, subject to the statute of limitations, is the constitutional right of the district attorney's office.

In Relator's supplemental brief, Relator asks the Court to, strike the "District Attorney's....Notice of Rejection...from the record..." while also complaining of Relator's release from jail. (see Relator's Supplemental Brief, p.2) The acceptance or rejection of a case is a discretionary act by the District Attorney's Office. By asking that the Court reject that act is improper. "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *Ordunez v. Bean, 579 S.W.2d 911 (Tex.Cr.App.1979)*.

Further, whether or not to accept a case is within the discretion of the District Attorney's Office, both by the Texas Constitution and statutory authority.

"County and district attorneys of this State derive their existence in this State from constitutions dating back to 1845. SeeTex. Const. Art. IV, Sec. 12. In our most recent constitution, the powers and duties of these officials are enumerated in Art. V, Sec. 21. See Tex. Const. Art. V, Sec. 21, as amended Nov. 2,

5

1954. <u>Art. V, Sec. 21</u>, supra, in pertinent part, provides that "if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature." The Legislature of this State has done just that, in enacting <u>Art. 2.01, V.A.C.C.P.</u>, which provides, in pertinent part, viz: "Each district attorney represents the State in all criminal cases in the district courts of his district—."...

The constitutional and statutory underpinnings of the duties and powers of county and district attorneys have been further recognized by stare decisis in this State. See *Shepperd v. Alaniz*, 303 S.W.2d 846 (Tex.Civ.App.1957); *State ex rel. Downs v. Harney*, 164 S.W.2d 55 (Tex.Civ.App.1942); *Garcia v. Laughlin*, 155 Tex. 261, 285 S.W.2d 191 (1955)." *Denson* at 900.

Even if the rejection were not accepted by the Court, the result would be that the Relator would be re-incarcerated, which is exactly what the Relator is complaining; i.e. no jurisdiction of the 105th District Court to incarcerate the Relator on pre-trial conditions.

## 6. Conclusion and Prayer

Bowling's requests are mute or improper. The 105th District Court does not have jurisdiction because the case has been rejected and the Relator is not on pre-trial conditions. Relator's

6

demand of the Court to disregard the District Attorney's Constitutional and Statutory responsibilities is improper.

For these reasons, the State requests that the Court enter a finding that the matter is mute and dismiss Bowling's application and grant the State all other proper relief.

Respectfully submitted,

John T. Hubert
District Attorney
Kleberg & Kenedy Counties
Tex. Bar #24012863
P.O. Box 1471 (78364)
700 E. Kleberg Ave
Kingsville, TX 78363
Phone (361) 595-8544; fax 595-8522
Email: johnhubertesq@gmail.com

## VERIFICATION

Before the undersigned Notary personally appeared John T. Hubert, and after being duly sworn stated that he is an attorney for the State in this proceeding, that he has read the foregoing Answer, and that the factual matters contained in the Answer are true and correct based on information and belief.

John T. Hubert

7

Subscribed and sworn to before me on this _11_ day of August, 2015.



_Linda S. Murphy_
Texas Notary Public

LINDA S. MURPHY
Notary Public
STATE OF TEXAS
My Comm. Exp. January 4, 2017

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 815 words.

## CERTIFICATE OF SERVICE

On August 11, 2015, a true copy of the foregoing document was served via fax on the following:

David T. Garcia
Jaime E. Carrillo
721 E. Kings Ave
Kingsville, TX 78363
(361) 595-4142, fax (361) 595-0544
Counsel for Relator

_____
John T. Hubert

# KLEBERG & KENEDY COUNTIES DISTRICT ATTORNEY'S OFFICE
## CASE REJECTION SLIPS

SUSPECT: _Kristin Bowling_ D.O.B: _12-25-90_

VICTIM: _____

DATE SUBMITTED: _12-16-14_ FILING AGENCY: _KPD_

OFFENSE: _Pocs_

OFFENSE DATE: _11-26-14_ OFFENSE REPORT #: _140003302S_

REASON PROSECUTION DECLINED:

_No Lab Results_

_____

_____

_____

_Christina L Green_
ASSISTANT DISTRICT ATTORNEY

_July 21, 2015_
DATE OF REJECTION

SIGNATURE

Exhibit A
Page 1

# KLEBERG & KENEDY COUNTIES DISTRICT ATTORNEY'S OFFICE
## CASE REJECTION SLIPS

SUSPECT: Kristin Bowling     D.O.B.: 12-25-90

VICTIM: _____

DATE SUBMITTED: 12-16-14     FILING AGENCY: KPD

OFFENSE: POCS

OFFENSE DATE: 11-26-14     OFFENSE REPORT #: 14003305

REASON PROSECUTION DECLINED:

No Lab Results

_____

_____

_____

_____


_Creshman Green_          _Jan 31, '15_

ASSISTANT DISTRICT ATTORNEY         DATE OF REJECTION

SIGNATURE

Exhibit 4
Page 2

```
                    ********************
                    ***   TX REPORT   ***
                    ********************


    TRANSMISSION OK

    TX/RX NO            3115
    CONNECTION TEL                        95950544
    CONNECTION ID
    ST. TIME            08/11 09:27
    USAGE T             06'22
    PGS. SENT             12
    RESULT              OK
```

JOHN T. HUBERT
DISTRICT ATTORNEY

(361)595-8544/8545
FAX (361) 595-8522



KLEBERG & KENEDY COUNTIES

KLEBERG COUNTY COURTHOUSE
P.O. BOX 1471
KINGSVILLE, TEXAS 78364

# COUNTY of KLEBERG
### KINGSVILLE, TEXAS

## FACSIMILE

DATE:   8-11-15

TIME:   9:05

PLEASE DELIVER THIS FAX TO:  David T. Garcia

RECIPIENT'S FAX NUMBER:  595-0544

__URGENT    ___INFORMATION ONLY    __REGULAR DELIVERY

NUMBER OF PAGES (INCLUDING COVER PAGE):  12

THIS FAX IS FROM:  LINDA S. MURPHY

MY PHONE NUMBER IS: 361/595-8544

JOHN T. HUBERT
DISTRICT ATTORNEY

(361)595-8544/8545
FAX (361) 595-8522



KLEBERG & KENEDY COUNTIES

KLEBERG COUNTY COURTHOUSE
P.O. BOX 1471
KINGSVILLE, TEXAS 78364

## COUNTY of KLEBERG
### KINGSVILLE, TEXAS

# FACSIMILE

DATE: 8-11-15

TIME: 9:05

PLEASE DELIVER THIS FAX TO: David T. Garcia

RECIPIENT'S FAX NUMBER: 595-0544

__URGENT __INFORMATION ONLY __REGULAR DELIVERY

NUMBER OF PAGES (INCLUDING COVER PAGE): 12

THIS FAX IS FROM: LINDA S. MURPHY

MY PHONE NUMBER IS: 361/595-8544